UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-22058-CIV-WILLIAMS

NATHALIE VALLADARES,
And other similarly situated individuals,

    Plaintiff,

v.

COMPASS GROUP USA, INC.,
d/b/a LEVY RESTAURANTS AT
AMERICAN AIRLINES ARENA,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND
## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Nathalie Valladares ("Valladares"), and Defendant, Compass Group USA, Inc. d/b/a Levy Restaurants at American Airlines Arena ("Levy"), in connection with the parties' settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice and state as follows:

1. On May 10, 2018, Plaintiff filed her Complaint alleging a violation under the FLSA. Levy removed the case to this Court on May 23, 2018.

2. Plaintiff's claim arises from her allegation that she was not paid for all hours worked.

3. Following information and document exchange, the parties negotiated a full settlement of all of the claims in this action and executed a settlement agreement.

4. The parties resolved the case with Levy agreeing to pay $807.50 to Plaintiff for the alleged FLSA violations, $807.50 for the alleged liquidated damages and $2,981.00 to her

attorney for attorneys' fees and costs. A Copy of the Settlement Agreement is attached as Exhibit A.

5. Importantly, upon review of her time and pay records and calculation of her alleged damages, Valladares is receiving as a part of the settlement more than the full amount of the relief she could recover for her FLSA claim. She is receiving that even though her claim was disputed. Significantly, Levy believes that although Valladares is not entitled to the benefits conferred to her in the Settlement Agreement, she is receiving significant value to resolve her claim. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement.

6. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

7. Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the

settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

  (1) the existence of fraud or collusion behind the settlement:
  (2) the complexity, expense, and likely duration of the litigation;
  (3) the stage of the proceedings and the amount of discovery completed;
  (4) the probability of plaintiff's success on the merits:
  (5) the range of possible recovery; and
  (6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

  8. At all times material hereto, Plaintiff and Defendant have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations.  Furthermore, as discussed above, this case was resolved for more than the full amount of FLSA damages calculated by Plaintiff.  The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.  **Significantly, the parties agree that Plaintiff is recovering settlement value for her disputed FLSA claim greater than what she could have recovered had she prevailed at trial.**

9. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to her counsel, the parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

10. Further, the attorneys' fees and costs agreed upon to be paid by Defendant under the parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendant on Plaintiff's behalf. See 29 U.S.C. §216(b); Kreager v. Solomon & Flanagan, P. A., 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the parties' Agreement, and the amounts being paid to Plaintiff under the parties' settlement were negotiated based upon the value of all of the claims asserted, including the minimum wages claimed by Plaintiff, with Plaintiffs attorneys' fees and costs reviewed and negotiated separately. As the Middle District of Florida explained in

4

Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.  However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach."   2009 U.S. Dist. LEXIS 68075 at *15-16.  Here, Defendant has agreed to pay a total of $2,951.00 to resolve all of Plaintiff's claims for attorneys' fees and costs incurred in this action, including the filing fee and service of process costs, which is a discount off of the amount of attorneys' fees and costs actually incurred.  Defendant agreed and acknowledged that the sums to be paid by Defendant under the Settlement Agreement for Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Defendant satisfies any and all amounts Plaintiff owes to her attorney.

11.     Finally, the parties jointly advise the Court that their settlement herein, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

12.     Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

5

WHEREFORE, all parties respectfully request the Court issue an Order: (1) approving the parties' settlement; and (2) dismissing this action with prejudice.

Dated: June 28, 2018                                         Respectfully submitted,

| By: */s/Brody M. Shulman* | By: */s/Steven A. Siegel* |
|---|---|
| Jason S. Remer | Steven A. Siegel |
| Fla. Bar No. 0165580 | Fla. Bar No. 497274 |
| jremer@rgpattorneys.com | ssiegel@fisherphillips.com |
| Brody M. Shulman | FISHER & PHILLIPS LLP |
| Fla. Bar No. 092044 | 450 East Las Olas Boulevard |
| bshulman@rgpattorneys.com | Suite 800 |
| Remer & Georges-Pierre, PLLC | Ft. Lauderdale, Florida 33301 |
| 44 West Flagler Street | Telephone: (954) 525-4800 |
| Suite 200 | Facsimile: (954) 525-8739 |
| Miami, Florida 33130 | |
| Telephone (305) 416-5000 | *Attorneys for Defendant* |
| Facsimile (305) 416-5005 | |
| | |
| *Attorneys for Plaintiff* | |